**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ORIENT EXPRESS LINES INC,

       Plaintiff,

       v.

PACIFIC BASIN HANDYSIZE LTD,

       Defendant.

Case No. _____

## VERIFIED COMPLAINT IN ADMIRALTY

Plaintiff, Orient Express Lines Inc ("Orient"), by its attorneys, Reed Smith LLP, as and for its Verified Complaint in Admiralty against Defendant Pacific Basin Handysize Ltd ("Pacific"), alleges as follows:

### JURISDICTION

1. This action is filed as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule B of the Supplemental Rules of Admiralty or Maritime Claims ("Supplemental Rule B").

2. Subject matter jurisdiction is appropriate pursuant to 28 U.S.C. § 1333.

### PARTIES

3. At all relevant times, Plaintiff Orient was and still is a business entity organized and existing under the laws of the Republic of Panama, having its main place of business located in Dubai, United Arab Emirates.

4. At all relevant times, Defendant Pacific was and still is a business entity organized and existing under the laws of the British Virgin Islands, having its main place of business located at 31/F, One Island South, 2 Heung Yip Road, Wong Chuk Hang, Hong Kong.

5.      Upon information and belief, and after investigation, Pacific has no known office, business presence or agent in this District, but Pacific owns funds held in a bank account (the "Account") maintained by HSBC Bank USA, New York ("HSBC") located at 452 Fifth Avenue, New York, 10018 NY.

6.      Garnishee HSBC maintains the Account in this District.

## FACTUAL BACKGROUND

7.      On or about February 12, 2021, Orient and Pacific entered into a time charter (the "Charter") pursuant to which Owner agreed to let and Pacific agreed to hire the m/v "TBC PRESTIGE" with IMO number 9489833 ("the Vessel").

8.      The Charter provides in Clause 2 that Pacific "shall provide and pay for all the fuel . . ." and further provides in Clause 33:

> Fuel oil specification for M/E and A/E:
> IFO according to ISO8217-2010 RMG 380 and any subsequent amendments
> LSMGO according to ISO8217-2010 DMA and any subsequent amendments
>
> Fuel consumptions are based on ISO standard reference conditions with LCV of 10,200 kcal/kg. Charterers shall only supply fuels which conform to the ISO specification standard 8217:2010(e) or any subsequent amendments thereof, which are mineral based products of stable and homogeneous nature without any traces of chemical waste and/or used lubricants and/or any other harmful substances and are suitable to enable the main propulsion and auxiliary engines to operate efficiently and without harmful effects. Sludge removal, if any, always to be in the charterers' time and for their account . . .

9.      The Charter provides in Clause 74 for the application of English law and for arbitration of "[a]ll disputes from time to time arising out of this contract" in London, England, before members of the London Maritime Arbitration Association.

10.     On or about February 24, 2021, pursuant to Pacific's instructions, the Vessel stemmed a quantity of 381,938 MT of very low sulphur fuel oil at Antwerp, Belgium ("the Bunkers").  Pacific had arranged for the supply of the Bunkers to the Vessel.

11.     In violation of Clause 33 of the Charter, the Bunkers supplied by Pacific were not of stable nature and/or were not suitable to enable the Vessel's main engine to operate efficiently and without harmful effects.  The Bunkers had high quantities of sediment on delivery, which led to the formation of sludge, which fouled the main engine, caused poor combustion and greatly increased wear of components.

12.     As a result, the Vessel was found unable to navigate up the Mississippi River by a local pilot on or about March 15, 2021 on account of the poor functioning of the main engine, the latter had to be overhauled, and a scavenge air fire occurred on or about March 18, 2021.

13.     On or about December 1, 2021, Orient, by and through its solicitor Reed Smith LLP, submitted formal Claim Submissions against Pacific, which Orient then updated and amended on or about March 31, 2022, in an arbitration which had been commenced in London, United Kingdom on or about 27 August 2021 under the Charter (the "Arbitration"), to recover the following damages, in a total amount of $634,017.11, along with interest and costs:

   a.   $234,758.33 in respect of hire and $36,230.80 in respect of bunker costs (which Pacific failed to pay) incurred for the period from 22:30 hrs LT on 15 March 2021 to 23:54 hrs LT on 2 April 2021, during which Pacific has alleged that the Vessel was off-hire, whereas the delays were caused by Pacific's supply of noncompliant Bunkers;

   b.   $22,370.83 in respect of hire and $2,750.70 in respect of bunker costs incurred for the period from 12:30 hrs LT on 3 April 2021 to 05:48 hrs LT on 5 April 2021,

during which Pacific has alleged that the Vessel was off-hire, whereas the Vessel was waiting for berth in accordance with Pacific's orders;

c.   US$ 261,185 in respect of the costs and expenses incurred as a result of the engine failure, including a survey, the cost of equipment kits and engine parts, shipment handling charges, servicing, superintendent attendance and agent fees; and

d.   $76,721.45 in respect of the costs and expenses arising out of the de-bunkering operation, including barging fees and bunker costs.

14.   Orient intends, and fully reserves the right, to continue to arbitrate the merits of the underlying dispute in England, and brings the instant action solely to obtain *quasi in rem* jurisdiction over Pacific together with security for its underlying claims, plus interest, attorneys' fees and arbitration costs.

### FIRST CAUSE OF ACTION
### (Breach of Maritime Contract)

15.   Orient repeats and re-alleges the allegations set forth in paragraphs 1 through 14 of this Complaint as if the same were set forth here at length.

16.   The Charter is a maritime contract.

17.   Pacific breached (*inter alia)* Clauses 2 and 33 of the Charter by supplying noncompliant Bunkers to the Vessel.

18.   Pacific further breached its obligations under the Charter by, *inter alia*, failing to pay the damages caused by the supply of noncompliant Bunkers to the Vessel.

19.   As a result of Pacific's breaches, Orient sustained damages in the amount of $634,017.11, plus an estimated amount of $51,792.98 of interest and an estimated amount of $331,250.00 for the attorneys' fees and costs that Orient expects to be awarded in the Arbitration that is pending in England on the merits of the underlying dispute.

## SECOND CAUSE OF ACTION

### (Rule B Attachment)

20.     Orient repeats and re-alleges the allegations set forth in paragraphs 1 through 19 of this Complaint as if the same were set forth here at length.

21.     Upon information and belief, and after investigation, Pacific cannot be "found" within this District within the meaning of Supplemental Rule B.

22.     Specifically, Defendants have property in the form of assets held in the Account maintained by HSBC within this District. The holder of the Account is Pacific, and Pacific has used the Account to make all payments due to Orient during the past 1.5 years (approximately), including, most recently, a payment received by Orient on April 21, 2022.  Orient therefore believes that the Account holds funds owned by Pacific.

23.     HSBC is a bank located at 452 Fifth Avenue, New York, 10018 NY, within this District, and subject to service of process as a garnishee in this matter.

24.      Orient hereby seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B, attaching, *inter alia*, any assets of Defendants held by HSBC located within this District for the purposes of obtaining *quasi in rem* jurisdiction over Defendants and to secure Plaintiff's claims.

**WHEREFORE**, Plaintiff prays as follows:

1.     That process in due form of law according to the practice of this Court may be issued against Pacific;

2.     Since Pacific cannot be found within this District, that in accordance with the provisions of Supplemental Rule B, the Court direct the issuance of Process of Maritime Attachment and Garnishment attaching all tangible and intangible property within this District

owned by Pacific, including but not limited to such property contained in the Account of Pacific with HSBC at 452 Fifth Avenue, New York, 10018 NY, up to the amount of $1,017,060.09, so as to establish *quasi in rem* jurisdiction over Pacific and to serve as security for subsequent enforcement of any arbitral awards and/or resulting judgments;

3.      That the Court retain *quasi in rem* jurisdiction for the ultimate enforcement of any resulting arbitral awards and/or resulting judgments; and

4.      That the Court grant such further relief as may be just, proper, and equitable.

Dated: May 3, 2022
        New York, New York

                                                 Respectfully submitted,

                                                 /s/ Alice Colarossi

                                                 Alice Colarossi
                                                 REED SMITH LLP
                                                 599 Lexington Avenue, 22nd Floor
                                                 New York, NY 10022
                                                 Telephone: (212) 521-5400
                                                 Facsimile: (212) 521-5450
                                                 acolarossi@reedsmith.com
                                                 *Attorneys for Plaintiff Orient Express Lines Inc*

                                                 *Of Counsel*

                                                 J. James Cooper (TX Bar No. 04780010)
                                                 REED SMITH LLP
                                                 811 Main Street, Suite 1700
                                                 Houston, TX 77002
                                                 Telephone: (713) 469-3800
                                                 Facsimile: (713) 469-3899
                                                 jcooper@reedsmith.com
                                                 *Pro hac vice application forthcoming*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ORIENT EXPRESS LINES INC,

         Plaintiff,

    v.

PACIFIC BASIN HANDYSIZE LTD,

         Defendant.

Case No. _____

## <u>VERIFICATION BY ORIENT EXPRESS LINES INC</u>

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1.      My name is Rakesh Raje.  I am over the age of 21, of sound mind, and have never been convicted of a felony.  I hold the position of President for Orient Express Lines Inc ("Orient"), and am authorized to make this verification on Orient's behalf.

2.      I have read the foregoing Complaint in Admiralty and know the contents thereof.

3.      Based upon my own personal knowledge and upon documents and correspondence kept in the ordinary course of business, the factual statements contained therein are true and correct.

4.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3 day of May, 2022.

_____

Name: Capt. Rakesh Raje